[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10637

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAZARO CANDELARIA,
a.k.a. Gordo,
a.k.a. YLO Laz,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    24-10637

D.C. Docket No. 1:15-cr-20165-DPG-6

————————————

Before JILL PRYOR, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Lazaro Candelaria, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582 motion for compassionate release and his motion for reconsideration. The court denied his motion for compassionate release for several independent reasons, including that releasing him from prison would pose a danger to the community. He didn't challenge that finding in his motion for reconsideration. And he doesn't challenge that finding before us. We affirm.

I.

A district court may grant a prisoner's § 3582 motion for compassionate release only after the prisoner has exhausted administrative remedies and the court finds that: "(1) the [18 U.S.C.] § 3553(a) sentencing factors favor [granting relief], (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community . . . ." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted); *see also* 18 U.S.C. § 3582(c). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1237–38.

A.

24-10637               Opinion of the Court                3

In 2015, Candelaria pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced him to 160 months imprisonment to be followed by four years of supervised release.

In 2023, Candelaria moved for compassionate release under § 3582. In his § 3582 motion, he contended that his underlying health issues and the potential impact of the COVID-19 pandemic on those issues constituted extraordinary circumstances that warranted his release. He also contended that the § 3553(a) factors favored his release because his sentence was improperly calculated in the first instance. And he declared without elaboration that he "is not a [d]anger to [s]ociety."

The district court denied Candelaria's motion for three independent reasons: (1) he had not exhausted administrative remedies; (2) the § 3553(a) factors did not favor his release; and (3) he posed a danger to the community.

The court first explained that Candelaria's motion failed because he hadn't exhausted his administrative remedies with the Bureau of Prisons as required by § 3582(c)(1). It then reasoned that even if it were to assume that he had exhausted them, "the § 3553(a) factors d[id] not support his compassionate release and Candelaria ha[d] not refuted the Court's previous finding that he remains a danger to the community." The court "disagree[d]" with Candelaria's unsupported declaration that he did not present a danger, and it recounted its earlier findings that he "was a member of a gang which trafficked in significant amounts of narcotics" and

that while he was previously on probation, he "had multiple technical and new offense violations." It concluded: "Based on his criminal history and the nature and circumstances of his instant [conspiracy to possess with intent to distribute cocaine] offenses, the Court finds that the § 3553(a) factors do not support Candelaria's compassionate release and that he remains a danger to the community."

Candelaria filed a motion for reconsideration. In it he asserted that he had properly exhausted his administrative remedies, argued that there was a "gross disparity" between his sentence and his codefendants' sentences, and contended that the § 3553(a) factors favored his release. He did not challenge the court's finding that he still posed a danger to the community. The court denied his motion for reconsideration, finding no "basis to alter" its order denying the motion for compassionate release.

B.

In his briefs to this Court, Candelaria still has not challenged the district court's finding that he is a danger to the community, which was an independent ground for its judgment. *See Tinker*, 14 F.4th at 1237–38. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). An appellant can abandon an issue by making only "passing reference[]" to it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014). And when a judgment is based on multiple, independent grounds, an appellant must

establish that every stated ground is incorrect. *Id.* at 680. If, on appeal, he fails to challenge one of the independent grounds for the district court's judgment, he has abandoned any challenge to that ground, and the judgment is due to be affirmed. *Id.*

Candelaria mentions only once the district court's finding that he was not entitled to compassionate release because releasing him would pose a danger to the community. And he mentions that in passing while recounting the district court's reasons for denying his motion. All he says about it is: "the District Court denied [the] compassionate release motion . . . stat[ing] that the [§] 3553 factors do not support Appellant[']s release because he is a danger to society." He does not even attempt to refute that ground for the denial.

Because Candelaria makes only a "passing reference" to the district court's finding that he poses a danger to the community "without advancing any arguments or citing any authorities to establish that [the finding was] error," he has abandoned any challenge to that finding. *Sapuppo*, 739 F.3d at 681. That leaves unchallenged an independent ground sufficient to support the judgment. *See id.*; *see also Tinker*, 14 F.4th at 1237–38. The judgment is due to be affirmed. *Sapuppo*, 739 F.3d at 680.

## C.

Candelaria also challenges the denial of his motion for reconsideration. But in that motion, he merely reiterated the same arguments he had made in his § 3582 motion for compassionate release. He presented no new arguments. He didn't refute the

district court's finding that he posed a danger to the community. It follows that the district court did not abuse its discretion in denying the motion for reconsideration. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

**AFFIRMED.**[1]

---

[1] Candelaria also argues in his briefing to us that his motion for compassionate release should have been granted because he no longer qualifies as a career offender based on *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023). But the alleged illegality of a sentence is not a basis for granting compassionate release. *See* U.S.S.G. § 1B1.13(b). As we have noted before, a motion for compassionate release that, in substance, collaterally attacks the legality of a sentence is improper; such a challenge is more appropriate in a 28 U.S.C. § 2255 motion to vacate. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1081 (11th Cir. 2017) (noting that a § 2255 motion is the proper mechanism for federal prisoners to collaterally attack their convictions). This is not a § 2255 motion proceeding. *See id.*